# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| STEVE MICHEL | * | CIVIL ACTION NO. 05-2139 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALEZ, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1) filed by Petitioner

Steve Michel ("Michel") on December 12, 2005. The Government has filed a response to

Michel's petition. (Document No. 11). For reasons stated below, it is recommended that

Michel's petition be **DISMISSED without prejudice.**

## BACKGROUND

Michel, a native and citizen of Haiti, entered the United States at San Juan, Puerto Rico

on January 27, 1994, as a non-immigrant visitor for pleasure, with authorization to remain in the

United States for a temporary period not to exceed July 26, 1994. Michel exceeded this

authorization and was apprehended on July 12, 1999. However, between the date of his entry

into the United States and the date of his apprehension, Michel had committed several crimes,

including theft, receiving stolen property, and robbery. On September 15, 1999, the United

States Bureau of Immigration and Customs Enforcement ("ICE"), formerly the Immigration and

Naturalization Service, instituted removal proceedings pursuant to section 237(a)(1)(B) of the

Immigration and Nationality Act ("INA").

On July 25, 2000, pursuant to an immigration judge's oral decision, Michel was ordered

removed from the United States to his native Haiti. In addition, the immigration judge denied his

applications for asylum, voluntary departure, and withholding of removal under the Convention

Against Torture and INA. On appeal, the Board of Immigration Appeals ("BIA") affirmed the

immigration judge's removal decision and denial of Michel's applications, but found that the judge erred in pretermitting consideration of Michel's request for adjustment of status and thus remanded the matter for an evidentiary hearing.  Michel, however, failed to appear for the subsequent evidentiary hearing on July 1, 2004, and the presiding immigration judge deemed Michel to have abandoned his adjustment of status application and again ordered him removed. No appeal of this removal order was taken, and it became final.

Michel's most recent custody review began in August 2005, when John A. Mata ("Mata"), Field Officer Director for Atlanta, Georgia, affirmed a review team's recommendation that Michel remain in detention.  In his decision dated August 31, 2005, Mata cited Michel's prior criminal activity and ICE's ongoing effort to obtain necessary travel documents as grounds for his decision to continue Michel's detention.  His decision also stated that Michel's case was being transferred to the Headquarters Post-Detention Unit ("HQPDU") for further review.  On December 30, 2005, HQPDU issued a decision to continue Michel's detention, citing ICE's recent request for travel documents from the Embassy of Haiti as evidence that Michel would be removed in the foreseeable future.

In his petition, Michel's sole claim is a challenge to his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  According to Michel, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

### LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8

2

U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, Michel has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Government has stated that it is engaged in ongoing efforts to obtain Michel's travel documents from the Haitian government, and has explained that the process has been delayed due to recent elections and changes in administration. The Government notes, however, that repatriations to Haiti have begun, and presumably this means that Michel's removal will occur in the reasonably foreseeable future. Michel has failed to provide good reason to believe that his continued detention pending his removal is unconstitutional. Thus, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 3rd day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE